FOYCE S. WHITNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitney v. Commissioner
Docket No. 35674-87
United States Tax Court
T.C. Memo 1990-436; 1990 Tax Ct. Memo LEXIS 453; 60 T.C.M. (CCH) 525; T.C.M. (RIA) 90436; August 14, 1990, Filed *453 Decision will be entered under respondent's Rule 155 Computation. Foyce S. Whitney, pro se. Christa Gruber, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
SUPPLEMENTAL MEMORANDUM OPINION Our opinion in this matter regarding petitioner's 1984 Federal income tax was filed on March 27, 1990, with decision to be entered pursuant to Rule 155. [1]. Petitioner now objects to respondent's computation under Rule 155. His objection is not to any of the deductions disallowed which were the subject of our opinion. He contends that the gross income reported by his employer, the Chicago Transit Authority, on his W-2 Form was incorrect in that his employer computed his gross income on a 13-month basis for 1984. The amount on the W-2 Form is the amount petitioner reported on his tax return and has never, until now, been questioned. *454 Petitioner contends that this is new evidence which has arisen in this matter. The amount of petitioner's gross income was never an issue in the trial of this matter. Petitioner appeared before this Court on October 31, 1988, and on November 3, 1988, at Chicago, Illinois. In addition, he participated in a chambers conference on October 31, 1988. Petitioner was advised that all issues and all evidence in regard to his 1984 taxes were to be presented at trial on November 3, 1988. He contested only disallowed deductions at that time and raised no questions whatsoever about gross income. In his objection to the Rule 155 computation, petitioner fails to set forth any information regarding why he failed to raise the gross income issue at trial. Rule 155(c) provides in part "no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues" (italics supplied). We have stated time and again that a Rule 155 proceeding may not be used to raise a new issue. ; . *455 Petitioner in effect is requesting that we reconsider our earlier opinion and hold a hearing on this new issue. We note first that the granting of a motion for reconsideration rests within the discretion of the Court and the Court will not grant the motion unless unusual circumstances or substantial error is shown. See ; . It is the policy of this Court to try all the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. It is well settled that in the interest of efficient performance of judicial work, a motion for reconsideration cannot raise theories or grounds that could have been advanced or supported at the earlier trial. See ; , cert. denied . Accordingly, we must reject petitioner's objection. Petitioner's objection to respondent's computation is rejected and a decision will be entered in *456 accord with respondent's Rule 155 computation. Decision will be entered under respondent's Rule 155 computation. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩